THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:16-cr-00003-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| CODY WAYNE THOMAS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Amended Motion for Reduced Sentence under Amendment 821 [Doc. 49].

I. **BACKGROUND**

In October 2015, police found the Defendant Cody Wayne Thomas, a convicted felon, with 227 grams of a methamphetamine mixture, 166 grams of actual methamphetamine, and two firearms. [Doc. 24: PSR at ¶ 7]. The Defendant later admitted that he had been selling methamphetamine. [Id.]. The Defendant was charged in a Bill of Indictment with one count of possession with intent to distribute at least 50 grams of actual methamphetamine, in violation of 21 U.S.C. § 841; one count of possession of a firearm in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. § 924(c); and one count of possession of a firearm after having been

convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). [Doc. 1: Indictment]. The Defendant entered into a plea agreement with the Government and pled guilty to the drug-trafficking offense, in exchange for the Government's agreement to dismiss the firearm charges. [Doc. 14: Plea Agreement; Doc. 16: Acceptance of Guilty Plea]. On June 28, 2016, the Court sentenced him to a term of 135 months' imprisonment. [Doc. 28: Judgment].

The Defendant, through counsel, now moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Part A of Amendment 821 to the United States Sentencing Guidelines. [Doc. 49]. The Government consents to the Defendant's Motion. [Doc. 51].

## II. STANDARD OF REVIEW

Pursuant to § 3582(c)(2), the Court may modify a term of imprisonment that was based on a sentencing range that has subsequently been lowered by the Sentencing Commission, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

When addressing a § 3582(c)(2) motion based on a retroactive guidelines amendment, the Court follows a two-step process. At the first step, the Court must "follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." United States v. Martin, 916 F.3d 389, 395 (4th Cir. 2019) (quoting Dillon v. United States, 560 U.S. 817, 827 (2010)). In so doing, the Court "begin[s] by determining the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." Martin, 916 F.3d at 395 (quoting Dillon, 560 U.S. at 827). At the second step, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Martin, 916 F.3d at 395 (quoting Dillon, 560 U.S. at 827).

## III. DISCUSSION

At the time that the Defendant was sentenced, U.S.S.G. § 4A1.1 provided for the addition of two criminal history "status" points if the defendant committed the offense of conviction while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. U.S.S.G. § 4A1.1(d) (2019). Part A of

3

Amendment 821, effective November 1, 2023, amended this provision. As revised, § 4A1.1 eliminates the addition of such status points for a defendant who has six or fewer criminal history points and provides for the addition of only one status point for those defendants with seven or more criminal history points. U.S.S.G. § 4A1.1(e) (2023). The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under § 3582(c)(2). U.S.S.G. Amend. 825; see U.S.S.G. § 1B1.10(d). This retroactivity amendment provides that any order reducing a defendant's sentence must have "an effective date of February 1, 2024, or later." U.S.S.G. Amend. 825; see also U.S.S.G. § 1B1.10 cmt. n.7.

At the time of sentencing, the Defendant was assigned a total of five (5) criminal history points, including two "status points" under § 4A1.1(d) (2019), which corresponded to a criminal history category of III. [Doc. 24: PSR at ¶¶ 29-31]. Based on that criminal history category, the Defendant faced an advisory guidelines range of 135 to 168 months. [Id. at ¶ 61]. The Court imposed a sentence of 135 months, the low end of the advisory guidelines range. [Doc. 28: Judgment at 2].

With the revision to § 4A1.1 under Amendment 821, the Defendant would receive zero status points, reducing his criminal history score from five

4

to three. That score corresponds to a criminal history category of II, which results in a revised advisory guidelines range of 121 to 151 months.

Having determined the amended guideline range that would have been applicable to the Defendant had the relevant amendment been in effect at the time of the initial sentencing, the Court now turns to the § 3553(a) factors to determine whether the reduction authorized by Amendment 821 is warranted in whole or in part. Here, the Defendant's post-sentencing conduct supports a reduced sentence. During his period of incarceration, the Defendant has incurred only three disciplinary infractions, none of which involved any violent conduct and the most recent of which occurred more than four years ago, in October 2019. [See Doc. 52 at 2]. He has completed a substantial number of educational programs, including several substance abuse treatment, adult continuing education, vocational, and release preparation programs. [See id. at 3]. He also has worked jobs regularly during his incarceration, earning "good work reports from his detail supervisors." [Doc. 49-1 at 3]. Based on his performance, the BOP has scored the Defendant as having "a LOW risk [of] recidivism." [Doc. 49-1 at 2]. Additionally, while the Defendant's offense conduct was dangerous, it did not involve violence.

5

Case 1:16-cr-00003-MR-WCM   Document 53   Filed 01/31/24   Page 5 of 6

Considering the sentencing objectives set forth in § 3553(a), the Court finds that a reduction in the Defendant's sentence is consistent with the purposes of sentencing. Accordingly, the Court grants the Defendant's motion for a reduced sentence. In its discretion, the Court will reduce the Defendant's sentence to a term of time served plus thirty (30) days, effective as of February 1, 2024.

**IT IS, THEREFORE, ORDERED** that the Defendant's Amended Motion for Reduced Sentence under Amendment 821 [Doc. 49] is **GRANTED**, and the Defendant's sentence is **REDUCED** to a term of **TIME SERVED** plus **THIRTY (30) DAYS** effective as of February 1, 2024.

The Clerk of Court is respectfully instructed to prepare an Amended Judgment in accordance with the terms of this Order.

**IT IS SO ORDERED.**

Signed: January 31, 2024

Martin Reidinger
Chief United States District Judge

6

Case 1:16-cr-00003-MR-WCM   Document 53   Filed 01/31/24   Page 6 of 6